UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE GREATER HOUSTON CONVENTION AND VISITORS BUREAU,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE COMITS, individually, and MYTHIK EVENTS & PROMOTIONS LLC, a Texas limited liability company, doing business as SPACE CITY COMIC CON<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORIGINAL COMPLAINT

This is a civil action to enjoin and repair acts: in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1120, 1125(a) and (c); of trademark infringement under Texas law; of unfair competition under Texas law; of trademark dilution under Tex. Bus. & Com. C. § 16.29, and of misappropriation under Texas law.

### I.
### THE PARTIES

1.  Plaintiff The Greater Houston Convention and Visitors Bureau ("GHCVB") is a 501(c)(6) nonprofit corporation, organized under the laws of the State of Texas with its principal place of business at 1441 Lamar Street, Suite 700, Houston, Texas 77010.

2.  Defendant George Comits is an individual having a principal residence in Webster, Texas. On information and belief, Mr. Comits is doing business as Space City Comic Con, with a principal place of business at 200 Water Street, #1103, Webster, Texas 77598

3. Defendant Mythik Events & Promotions, LLC is a Texas limited liability company, which is doing business as Space City Comic Con. On information and belief, the principal place of business of Defendant Mythik Events & Promotions, LLC is at 200 Water Street, #1103, Webster, Texas 77598. The registered office of Defendant Mythik Events & Promotions, LLC is at 1600 Eldridge Parkway Apt. 403, Houston, Texas 77077, and its registered agent there is George Comits.

## II.
## JURISDICTION AND VENUE

4. This action arises under the trademark and unfair competition laws of the United States of America, Title 15 of the United States Code. Jurisdiction of the Court is founded on Title 15 of the United States Code, and on Title 28 of the United States Code, particularly 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367.

5. The Court has personal jurisdiction over the parties, and venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c).

## III.
## FACTUAL BACKGROUND

6. The mission of GHCVB is to improve the economy of the Greater Houston area by attracting conventions, tourists, and film projects to the area through sales and marketing efforts.

7. GHCVB maintains a website at www.visithoustontexas.com, which provides information about GHCVB and its operations.

8. GHCVB filed U.S. Trademark Application No. 76/406017 (the "Application") for the SPACE CITY mark (the "Mark") on May 10, 2002, for "Association services, namely,

promoting tourism, business, and conventions in the Greater Houston area, and consultation and business meetings in the Greater Houston area."

9. The Application issued as U.S. Trademark Registration No. 2,848,476, which was registered on the Principal Register on June 1, 2004, and which is owned by Plaintiff GHCVB.

10. The Mark was first used in commerce at least as early as April 16, 2002.

11. The Mark is valid and subsisting. The Mark has become incontestable under 15 U.S.C. § 1065. True and correct copies of the registration and ownership information for the Mark are attached hereto as **EXHIBIT 1**.

12. As a result of extensive use, advertising, marketing and promotion of the Mark over many years by GHCVB, the Mark has developed substantial goodwill and reputation, including among attendees of, and purchasers of goods and services related to, conventions in the Greater Houston area.

13. As a result of over a decade of substantially exclusive and continuous use by GHCVB, valuable goodwill and common law rights have been developed in the Mark in Texas and throughout the entire United States.

14. The Mark is distinctive, and serves to identify and indicate GHCVB as the source of services to the consuming public throughout the United States. Moreover, the Mark has been adopted and used by GHCVB to distinguish its services from the services of others, and has become associated with GHCVB's quality services that consumers have come to know and rely upon.

15. The Mark is inherently distinctive, as used on or in connection with any of GHCVB's range of services, and GHCVB maintained substantially exclusive and continuous use of the Mark as a mark in commerce for at least five years, as set forth in 15 U.S.C. § 1052(f).

**Defendants and
Their Unlawful Activities**

16. Defendants are marketing a convention featuring comic books and various other pop culture items and activities to be held at NRG Arena in Houston in May of 2016 (the "Convention"). Defendants are marketing the Convention using the name SPACE CITY COMIC CON.

17. Defendants are using the Mark without the permission of GHCVB.

18. GHCVB first learned of Defendants' intended and unlawful use of the Mark for the Convention in November of 2015.

19. Defendants have a website at www.spacecitycomiccon.com in which they advertise the Convention. Included below are exemplary excerpts from Defendants' website showing some of Defendants' use of the Mark in connection with the Convention:

**IV.
FIRST COUNT – TRADEMARK INFRINGEMENT
UNDER THE FEDERAL LANHAM ACT**

20. The allegations of all preceding Paragraphs are re-alleged herein.

21. Plaintiff GHCVB owns the Mark and has substantially exclusively and continuously used the Mark for its services throughout the United States since at least as early as 2002.

22. GHCVB has used and promoted the Mark in connection with convention services in the Greater Houston Area. As a result of its extensive use and promotion of the Mark, the Mark has acquired a favorable reputation to consumers as an identifier and symbol of GHCVB and its services and goodwill. Accordingly, the Mark is strong and is entitled to broad protection.

23. GHCVB continues to invest substantial sums in promoting its services offered under the Mark.

24. Due to the efforts and resources invested by GHCVB, the Mark has become widely known throughout the United States, including in Texas. The Mark is inherently distinctive, and even if it were not, it is entitled to a presumption of distinctiveness under 15 U.S.C. § 1052(f).

25. Without the permission of GHCVB, Defendants have used, and are using, the Mark for the Convention and services in connection with the Convention, which is to be held in Houston in May 2016.

26. Defendants' wrongful activities are willful at least because Defendants knew the Mark belonged to GHCVB, chose to use the Mark even though the most rudimentary search would have revealed GHCVB's numerous uses, and GHCVB's registration, of the Mark, and because Defendants have continued to use their confusingly similar designation even after GHCVB's request to cease use of the Mark.

27. Defendants' unauthorized use of the Mark falsely indicates to consumers that Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with GHCVB or are otherwise associated with GHCVB's services.

28. Defendants' unauthorized use of the Mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' services with GHCVB.

29. Defendants knew or should have known that their unauthorized use of a mark confusingly similar to GHCVB's would result in a benefit to Defendant.

30. Defendants' unauthorized use of the Mark has unjustly enriched Defendants at the expense of GHCVB's reputation and goodwill.

31. Defendants' acts complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

32. As a direct and proximate result of Defendants' conduct, GHCVB has suffered damages.

33. As a direct and proximate result of Defendants' conduct, GHCVB has suffered irreparable harm.  Unless enjoined, Defendants' acts as alleged herein will continue to cause GHCVB irreparable harm, loss and injury, for which GHCVB has no adequate remedy at law.

34. In view of the willful nature of Defendants' conduct, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling GHCVB to an award of reasonable attorney's fees.

## V.
## SECOND COUNT – FEDERAL UNFAIR COMPETITION

35. The allegations of all preceding Paragraphs are re-alleged herein.

36. Defendants' acts complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with GHCVB, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by GHCVB.

37. Defendants' acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

38. As a direct and proximate result of Defendants' conduct, GHCVB has suffered damages.

39. As a direct and proximate result of Defendants' conduct, GHCVB has suffered irreparable harm. Unless enjoined, Defendants' acts as alleged herein will continue to cause GHCVB irreparable harm, loss and injury, for which GHCVB has no adequate remedy at law.

40. In view of the willful nature of Defendants' conduct, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling GHCVB to an award of reasonable attorney's fees.

## VI.
## THIRD COUNT – FEDERAL DILUTION

41. The allegations of all preceding Paragraphs are re-alleged herein.

42. Defendants' acts complained of herein dilute, or are likely to cause dilution of, the distinctive quality of GHCVB's famous Mark, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

43. As a result of the significant resources devoted to the promotion and use of the Mark for the services of GHCVB, the Mark has long been, and is, famous since it is widely recognized by the general consuming public of the United States as a designation of source of the services of GHCVB rendered under the Mark.

44. After the Mark became famous, Defendants commenced use of the Mark, which has caused, or is likely to cause, dilution of the Mark.

45. As a direct and proximate result of Defendants' conduct, GHCVB has suffered damages.

46. As a direct and proximate result of Defendants' conduct, GHCVB has suffered irreparable harm. Unless enjoined, Defendants' acts as alleged herein will continue to cause GHCVB irreparable harm, loss and injury, for which GHCVB has no adequate remedy at law.

47. Defendants willfully intended to trade on the reputation of GHCVB and to dilute, or to cause dilution of, the Mark. In view of the willful nature of Defendants' conduct, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling GHCVB to an award of reasonable attorney's fees.

## VII.
## FOURTH COUNT – TRADEMARK INFRINGEMENT
## UNDER THE LAWS OF THE STATE OF TEXAS

48. The allegations of all preceding Paragraphs are re-alleged herein.

49. GHCVB has acquired ownership rights in, and rights to the exclusive use of, the Mark under the common laws of the State of Texas, among other states.

50. The Mark is eligible for protection by GHCVB under the common law of the State of Texas.

51. GHCVB is a senior user of the Mark as compared to Defendants.

52. There is a likelihood of confusion between the Mark and the mark wrongfully used by Defendants.

53. By reason of the foregoing, GHCVB has been and will continue to be irreparably harmed and damaged. GHCVB's remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## VIII.
## FIFTH COUNT – UNFAIR COMPETITION
## UNDER THE LAWS OF THE STATE OF TEXAS

54. The allegations of all preceding Paragraphs are re-alleged herein.

55. Defendants' continued use of the Mark has been, and continues to be, likely to cause confusion, or to cause mistake, or to deceive as to whether Defendants' services are affiliated, connected, or associated with, or sponsored by, GHCVB in violation of the common

law of the State of Texas. Defendants' actions are to the detriment of GHCVB's hard-won goodwill. Defendants have acted, and continue to act, willfully and in intentional disregard of GHCVB's rights. Such unlawful acts constitute unfair competition under the laws of the State of Texas.

56. By reason of the foregoing, GHCVB has been and will continue to be irreparably harmed and damaged. GHCVB's remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## IX.
## SIXTH COUNT – VIOLATION OF TEXAS DILUTION STATUTE
### TEX. BUS. & COM. C. § 16.29

57. The allegations of all preceding Paragraphs are re-alleged herein.

58. The acts complained of herein have injured and are likely to further injure GHCVB's business reputation and/or to dilute the distinctive quality of the Mark.

59. Defendants have willfully chosen to trade on GHCVB's reputation and to dilute the Mark.

60. By reason of the foregoing, GHCVB has been and will continue to be irreparably harmed and damaged. GHCVB's remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## X.
## SEVENTH COUNT – MISAPPROPRIATION

61. The allegations of all preceding Paragraphs are re-alleged herein.

62. The acts complained of herein constitute misappropriation by Defendants of the Mark, under which GHCVB has been, and is, doing business, in violation of the common laws of the State of Texas.

63. By reason of the foregoing, GHCVB has been and will continue to be irreparably harmed and damaged. GHCVB's remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## XI.
## PRAYER

64. For these reasons, GHCVB prays for judgment against Defendants for the following:

(a) Actual damages sustained by GHCVB due to infringement, unfair competition, or any unlawful association of Defendants' services with those of GHCVB;

(b) Defendants' profits and gains due to infringement, unfair competition, or any unlawful association of Defendants' services with those of GHCVB;

(c) All damages sustained by GHCVB due to the dilution and/or misappropriation of the Mark by Defendants;

(d) Under 15 U.S.C. § 1116(a), temporary and permanent injunctions prohibiting Defendants, and their partners, principals, managers, members, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them:

  (i) From using, in connection with the promotion, advertising, or offering of their services, the Mark, and any confusingly similar designation(s);

  (ii) From otherwise competing unfairly with GHCVB in any manner, including, without limitation, by unlawfully adopting or infringing upon GHCVB's trademarks and brands, or by adopting or using any other names, marks, or designs that are confusingly similar thereto;

    (iii) From otherwise diluting the Mark and from injuring GHCVB's business and goodwill; and

    (iv) From conspiring with, aiding, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i)-(iii) above;

(e)     That the Court order Defendants, and their partners, principals, managers, members, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, to deliver up for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or display the Mark, in whole or in part, or any other mark, name, or other designation confusingly similar to the Mark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118;

(f)     That the Court order Defendants to file with the Court and to serve upon GHCVB, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(g)     That an accounting be directed to determine Defendants' profits resulting from their infringement, unfair competition and dilution, and that such profits be paid over to GHCVB, increased as the Court finds to be just under the circumstances of this case;

(h)     Reasonable and necessary attorneys' fees under 15 U.S.C. § 1117(a);

(i)     Pre-judgment and post-judgment interest as allowed by law;

(j)     Costs of suit;

(k)     Exemplary and/or treble damages; and

(l)     All other relief, in law or in equity, to which GHCVB may be entitled.


DATED February 24, 2016.                    Respectfully submitted,


                                               */s/Charles S. Baker*_____
                                               Charles S. Baker
                                               Attorney – in – Charge
                                               Texas State Bar No. 01566200
                                               S.D. Tex. No. 024496
                                               LOCKE LORD LLP
                                               2800 Chase Tower
                                               600 Travis
                                               Houston, Texas 77002
                                               (p) (713) 226 –1123
                                               (f) (713) 223 – 3717
                                               *cbaker@lockelord.com*

                                               ***Attorneys for Plaintiff The Greater Houston Convention and Visitors Bureau***

# EXHIBIT 1

# United States of America
## United States Patent and Trademark Office

# SPACE CITY

| | |
|---|---|
| **Reg. No. 2,848,476** | GREATER HOUSTON CONVENTION AND VISITORS BUREAU (TEXAS CORPORATION) 901 BAGBY, SUITE 100 |
| **Registered June 1, 2004** | HOUSTON, TX 77002 |
| **Amended July 12, 2011** | FOR: ASSOCIATION SERVICES, NAMELY, PROMOTING TOURISM, BUSINESS, AND CONVENTIONS IN THE GREATER HOUSTON AREA; CONSULTATION SERVICES REGARDING CONVENTIONS AND BUSINESS MEETINGS IN THE GREATER HOUSTON AREA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102). |
| **Int. Cl.: 35** | |
| **SERVICE MARK** | FIRST USE 4-16-2002; IN COMMERCE 4-16-2002. |
| **PRINCIPAL REGISTER** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |
| | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CITY", APART FROM THE MARK AS SHOWN. |
| | SER. NO. 76-406,017, FILED 5-10-2002. |



*David J. Kappos*

Director of the United States Patent and Trademark Office

| REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION |
|---|
| WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS. |

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

| The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements. |
|---|

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**Intermittent TSDR Problems**
TSDR is currently experiencing intermittent technical difficulties and users may be unable to access documents. The problem is being addressed by staff at the USPTO. We sincerely apologize for any inconvenience this may cause.

| STATUS | DOCUMENTS | MAINTENANCE | **Back to Search** | Print |
|---|---|---|---|---|

**Generated on:** This page was generated by TSDR on 2016-02-24 15:14:02 EST

**Mark:** SPACE CITY

# SPACE CITY

**US Serial Number:** 76406017           **Application Filing Date:** May 10, 20

**US Registration Number:** 2848476      **Registration Date:** Jun. 01, 20

**Register:** Principal

**Mark Type:** Service Mark

**Status:** The registration has been renewed.

**Status Date:** Oct. 30, 2014

**Publication Date:** Nov. 12, 2002      **Notice of Allowance Date:** Feb. 04, 2

## Mark Information

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Association services, namely, promoting tourism, business, and conventions in the Greater Hou regarding conventions and business meetings in the Greater Houston area

**International Class(es):** 035 - Primary Class      **U.S Class(es):** 100, 101,

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Apr. 16, 2002      **Use in Commerce:** Apr. 16, 20

## Basis Information (Case Level)

## Current Owner(s) Information

**Owner Name:** Greater Houston Convention and Visitors Bureau

**Owner Address:** Suite 700
1331 Lamar
Houston, TEXAS UNITED STATES 77010

| | |
|---|---|
| **Legal Entity Type:** CORPORATION | **State or Country Where Organized:** TEXAS |

### Attorney/Correspondence Information

### Prosecution History

### Maintenance Filings or Post Registration Information

### TM Staff and Location Information

### Assignment Abstract Of Title Information - Click to Load

### Proceedings - Click to Load