**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| THE GREATER HOUSTON CONVENTION AND VISITORS BUREAU, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  4:16-cv-00493 |
| GEORGE COMITS, individually, and MYTHIK EVENTS & PROMOTIONS LLC, a Texas limited liability company, doing business as SPACE CITY COMIC CON | ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND BRIEF IN SUPPORT

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff The Greater Houston Convention and Visitors Bureau ("GHCVB") files this application seeking an immediate order from the Court restraining Defendants from infringing Plaintiff's registered trademark "SPACE CITY" and enjoining Defendants from taking any action that would destroy or trade upon the goodwill associated with the SPACE CITY mark by using it in connection with a convention featuring comic books and various other "pop culture" items and activities (the "Convention").  *See* Space City Comic Con Web page (Ex. 1) and Facebook page (Ex. 2), attached to the Declaration of Scott Hunsaker ("Hunsaker Decl.").  **Immediate relief is necessary because Defendants are currently advertising the Convention to the public and intend to host the Convention at NRG Center in Houston on May 27-29, 2016**.  Defendants' use of Plaintiff's mark constitutes trademark infringement and unfair competition in violation of

the Lanham Act, Texas common law protecting trademarks and trade names, and Texas Business and Commerce Code § 16.29.

By using Plaintiff's mark without authorization and thereby implying that Defendants' upcoming Convention is associated with Plaintiff GHCVB, Defendants have caused and will cause irreparable harm to Plaintiff's business of promoting tourism, trade, and conventions in the Greater Houston area.  Among other things, Defendants' actions are likely to cause confusion regarding the SPACE CITY mark upon which in part the success of Plaintiff's business depends, destroying goodwill and reputation, and damaging Plaintiff's relationship with current and prospective customers.  Plaintiff's business, and the value of its mark, can only be protected by immediate injunctive relief.

## I.   BACKGROUND FACTS

### A.   *The SPACE CITY mark*

Plaintiff GHCVB owns the SPACE CITY mark.  *See* U.S. Trademark Reg. No. 2,848,476 (Ex. 1) attached to the Declaration of Michael Waterman ("Waterman Decl.") at ¶ 6.  Plaintiff has substantially, exclusively, and continuously used the SPACE CITY mark for Plaintiff's tourism, business, and convention promotion services since 2002.  Waterman Decl. at ¶ 6.  Plaintiff uses its SPACE CITY mark for the services it provides.  Waterman Decl. at ¶ 7.  For example, Plaintiff uses the SPACE CITY mark to promote a medical convention called "Medical World Americas Conference and Expo" taking place May 18-20, 2016 in Houston at the George R. Brown Convention Center.  *See* Medical World Americas Web site (Ex. 2) attached to Waterman Decl. at ¶ 8.  Plaintiff also uses the SPACE CITY mark to promote a comic convention called "Comicpalooza" taking place June 17-19, 2016 in Houston at the George R.

Brown Convention Center.  *See* Comicpalooza Web site (Ex. 3) attached to Waterman Decl. at ¶ 9.

The mark is inherently distinctive and serves to identify and indicate Plaintiff as the source of, or as sponsoring or endorsing, services throughout the United States.  *See* Space Center Houston Promotional Card (Ex. 4) attached to Waterman Decl. at ¶ 10.  Plaintiff's federal registration of the mark has also has become incontestable by operation of 15 U.S.C. § 1065.  *See* Notice of Acceptance and Acknowledgment of §§ 8 & 15 Declaration (Ex. 5) attached to Waterman Decl. at ¶ 11.

For at least the last 14 years, Plaintiff GHCVB has invested and continues to invest substantial time, resources, and money building the reputation, goodwill, and value of the SPACE CITY mark.  Waterman Decl. at ¶13.  Through Plaintiff's use, advertising, marketing and promotion of the mark in Texas and throughout the entire United States, the mark has developed substantial goodwill and reputation, including among attendees and purchasers of goods and services related to conventions in the Greater Houston area.  Waterman Decl. at ¶ 14.  Moreover, the mark is and has long been widely recognized as a designation of source or origin for GHCVB's convention consulting services and sponsorship or endorsement of those events which GHCVB elects to promote.  Waterman Decl. at ¶ 14.

**B.    *Defendants' Wrongful Activities***

Defendant George Comits and Mythik Events & Promotions, LLC are advertising the Convention to the public using the name "SPACE CITY COMIC CON."  Defendants advertise the Convention on their Web site at www.spacecitycomiccon.com (Hunsaker Decl. at ¶ 3, Ex. 1) and on their Facebook page at www.facebook.com/SpaceCityComicCon (Hunsaker Decl. at ¶ 4, Ex. 2).  Plaintiff first learned of Defendants' use of the SPACE CITY mark for the upcoming

Convention in November of 2015.[1]  Shortly after discovering Defendants' improper use of the mark, Plaintiff, through its counsel, requested that Defendants immediately cease their intentional and unlawful use.  *See* Letter to George Comits dated November 23, 2015 (Ex. 3) attached to Hunsaker Decl. at ¶ 5.  Plaintiff's counsel then spoke with Defendants by phone (Hunsaker Decl. at ¶ 6), and a draft settlement agreement was thereafter e-mailed to Defendants on December 21, 2015 in the hope of settling the matter.  *See* Settlement Agreement (Ex. 4) attached to Hunsaker Decl. at ¶ 7.  Defendants refused to execute the settlement agreement and instead made numerous inaccurate allegations and false statements in their e-mail response.  *See* E-mail from George Comits dated December 29, 2015 (Ex. 5) attached to Hunsaker Decl. at ¶ 8. Because Defendants prominently feature Plaintiff's SPACE CITY mark verbatim in the name of the Convention, there is a high likelihood that the public, including those GHCVB's promotion of their events, will be deceived, confused, or led to believe that the Convention is sponsored by, affiliated with, or originates from Plaintiff GHCVB, when it does not.  This confusion is likely to be heightened by the fact that Plaintiff GHCVB does in fact sponsor and promote conventions in the Greater Houston area.  Waterman Decl. at ¶ 5.

Plaintiff GHCVB will suffer additional harm in that it has no control over the manner in which the Convention is conducted.  Plaintiff has adopted and used its mark to distinguish its services, and those sponsored or endorsed by Plaintiff, from the services of others and consumers have come to know and rely upon the high quality of services associated with its mark. Defendants' management and operation of the Convention is not subject to Plaintiff's quality standards.  Thus, despite appearing falsely to sponsor the Convention, Plaintiff has no way to

---

[1] Plaintiff had learned of Defendants' use of the mark in 2015 around the time of their convention in June 2015.  Plaintiff did not take any action due to the fact that it was essentially too late to prevent the infringement (the infringement ceased after the convention ended).  Waterman Decl. at ¶ 15.

ensure Convention attendees will enjoy a safe and high quality convention experience. Consequently, Plaintiff's reputation and goodwill built over almost a decade and a half are at risk of being squandered with each Convention attendee.

## II.     STANDARD FOR GRANTING A TRO OR PRELIMINARY INJUNCTION

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; (4) the granting of the preliminary injunction will not disserve the public interest.  *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *see also Khan v. Fort Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008).

In the Fifth Circuit, irreparable harm is ***presumed*** when there is a likelihood of confusion. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013) *cert. denied*, 134 S. Ct. 88, 187 L. Ed. 2d 254 (U.S. 2013) ("[a]ll that must be proven to establish liability and the need for an injunction against infringement is the likelihood of confusion—injury is presumed.") (quoting 5 McCarthy on Trademarks and Unfair Competition § 30:2).

## III.     ARGUMENT

Plaintiff is entitled to injunctive relief enjoining Defendants from continuing their unlawful use of Plaintiff's SPACE CITY mark in violation of the Lanham Act, Texas Business and Commerce Code, and Texas common law because Plaintiff has satisfied all requirements for injunctive relief as set forth above and because irreparable harm is presumed when there is a likelihood of confusion.

**A.     There is a substantial likelihood that Plaintiff will succeed on the merits of its claims.**

A party is not required to ***prove*** its claims in order for a preliminary injunction to be proper.  *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 596 n. 34 (5th Cir. 2003) (distinguishing actual success from likelihood of success on merits).   Here, Plaintiff has sued Defendants for: (1) trademark infringement under the Lanham Act, (2) federal unfair competition, (3) trademark infringement under the laws of the State of Texas, (4) unfair competition under the laws of the State of Texas, and (5) misappropriation.

Plaintiff has a substantial likelihood of success on all five claims.   First, Plaintiff indisputably owns the rights to the SPACE CITY mark.  *See* Waterman Decl. at ¶ 6, Ex. 1. Plaintiff's rights in and to the mark indisputably include use of the mark in respect of conventions in the Greater Houston area, including sponsorship thereof and other services related thereto.  *See* Waterman Decl. at ¶¶ 8-9, Exs. 2-3.  And the mark is inherently distinctive and Plaintiff's federal registration of the mark has moreover become incontestable under 15 U.S.C. § 1065.  *See* Waterman Decl. at ¶ 11, Ex. 5.   Second, Defendants are indisputably using the SPACE CITY mark to advertise the Convention.  *See* Hunsaker Decl. at ¶¶ 3-4, Exs. 1-2.  And Defendants' use of the mark is indisputably without Plaintiff's consent to Plaintiff's detriment. *See* Hunsaker Decl. at ¶ 5, Ex. 3.  These factors, along with the high likelihood that the public, including those seeking GHCVB's promotion of their events, will be deceived, confused, or misled as to the sponsorship of the Convention, leave little doubt Plaintiff will succeed on the merits of its claims against Defendants.

Accordingly, this factor weighs heavily in favor of preliminary injunctive relief.

**B.**     **A substantial threat exists that Plaintiff will suffer irreparable harm if the injunction is not granted**

Plaintiff will suffer imminent and irreparable injury if the Court does not enjoin Defendants from continuing to use the SPACE CITY mark because Plaintiff's trademark rights will continue to be infringed upon.  A harm is imminent if it is likely to occur.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.") (internal citations omitted).  In this case, the harm to Plaintiff is not only *likely* to occur, it has already begun and is ongoing.  Plaintiff first learned of Defendants' use of the SPACE CITY mark for the upcoming Convention in November of 2015.  Waterman Decl. at ¶ 16.   Shortly after discovering Defendants' improper use of the mark, Plaintiff requested Defendants immediately cease their intentional and unlawful use.  *See* Hunsaker Decl. at ¶ 5, Ex. 3.   Defendants refused and instead made numerous inaccurate allegations and false statements in their response.  *See* Hunsaker Decl. at ¶ 8, Ex. 5.  Defendants therefore clearly intend to continue using Plaintiff's SPACE CITY mark to promote their Convention to Plaintiff's detriment and without regard to Plaintiff's trademark statutory and common law rights.

And as mentioned above, irreparable harm is *presumed* in the Fifth Circuit when there is a likelihood of confusion.  *Abraham*, 708 F.3d at 627 (5th Cir. 2013).  Likewise, this judicial district has also *presumed* irreparable injury when there is a likelihood of confusion.  *Reservoir, Inc. v. Truesdell*, Civil Action No. 4:12-2756, 2014 WL 808026, at *10 (S.D. Tex. Feb. 28, 2014) (noting that courts have found proof of confusion sufficient to show irreparable injury).  Here, a likelihood of confusion exists because Defendants have used Plaintiff's SPACE CITY mark verbatim in the name of the Convention.  *See* Hunsaker Decl. ¶¶ 3-4, Exs. 1-2.  Plaintiff is

therefore entitled to a presumption that Defendants' use of the mark will result in irreparable harm to Plaintiff.

Further, Plaintiff has no adequate remedy at law.  The law in this district is that when, as in this case, "a likelihood of confusion exists" with respect to a trademark issue, "the plaintiff's lack of control over the quality of the defendant's goods or services constitutes an immediate and irreparable injury, regardless of the actual quality of those goods or services."  *Quantum Fitness Corp. v. Quantum Lifestyle Ctrs., L.L.C.*, 83 F.Supp.2d 810, 831 (S.D.Tex. 1999).  This, among the other reasons noted above, shows that Plaintiff is being irreparably harmed and that Defendants must not be allowed to continue to use the SPACE CITY mark.  *Id.*

As such, this factor weighs strongly in favor of preliminary injunctive relief.

**C.     The threatened injury to Plaintiff outweighs the threatened harm to Defendants**

The injury to Plaintiff from Defendants' infringement far outweighs any harm to Defendants if their use of Plaintiff's mark is enjoined.  Defendants, as willful infringers, are entitled to little if any equitable consideration.  *See Lakedreams v. Taylor*, 932 F.2d 1103, 1109 n. 12 (5th Cir. 1991); *see also Helene Curtis Indus. v. Church & Dwight Co.*, 560 F.2d 1325, 1333-34 (7th Cir. 1977) (holding the hardship on a willful trademark infringer "merit[s] little equitable consideration"); *KFC Corp. v. Goldey*, 714 F. Supp. 264, 267 (W.D. Ky. 1989) ("…where the plaintiff is an authorized trademark holder and the defendant is improperly using the trademark, then the threatened harm to the trademark owner outweighs the threatened harm to the defendant.").  Here, the only harm to Defendants of a temporary restraining order and preliminary injunction is Defendants would no longer be able to ***promote*** the Convention and related products as if they were affiliated with or sponsored by Plaintiff.  Defendants would be

able to continue advertising the Convention and otherwise operate their business using non-infringing names and marks.

This factor therefore also weighs strongly in favor of preliminary injunctive relief.

**D.**    ***Granting a temporary restraining order will not disserve the public interest***

Issuance of a temporary restraining order or preliminary injunction will not adversely affect the public interest.  To the contrary, a temporary injunction protecting Plaintiff's rights in its mark will help protect the public interest by helping to prevent consumer confusion in the marketplace.  *Davidoff & CIE, S.A. v. PLD Int'l*, 263 F.3d 1297, 1304 (11th Cir. 2001) (holding that a temporary injunction protecting trademark rights protects the public interest by preventing consumer confusion).  Where a plaintiff's trademark is entitled to protection, "it necessarily follows that the preliminary injunction serves the public interest."  *Sunbeam Prods., Inc. v. West Bend Co*., 123 F.3d 246, 260 (5th Cir. 1997).  Indeed, such an injunction will "not frustrate competition, but will foster it."  *Id*.; *see also Quantum Fitness*, 83 F. Supp. 2d at 810 ("The public interest is always served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing marks.").  This view is held by a number of federal courts.  *See, e.g., American Dairy Queen Corp. v. New Line Prods*., 35 F. Supp. 2d 727, 733 (D. Minn. 1998) ("Infringement and dilution of trademarks are inherently contrary to the public interest."); *Long John Silver's, Inc. v. Washington Franchise, Inc*., 1980 U.S. Dist. LEXIS 16635, *13 (E.D. Va. June 24, 1980) ("There is an overriding public interest in preventing further public confusion, and the granting of a preliminary injunction will satisfy this need.").  Thus, a temporary restraining order or preliminary injunction is imperative to prevent likelihood of confusion between Defendants and Plaintiff.

This factor accordingly further weighs heavily in favor of preliminary injunctive relief.

## IV.   **CONCLUSION AND PRAYER**

Plaintiff faces a real and immediate threat that its SPACE CITY mark will be seriously damaged through Defendants' infringement of the mark.   Plaintiff has expended considerable time and money building and fostering the goodwill, reputation, and value of the SPACE CITY mark.   No amount of money will compensate Plaintiff for the loss of goodwill and reputation associated with its tourism, trade, and convention promotion business in the Greater Houston area as a result of Defendants' wrongful use of the mark.   Conversely, no substantial harm to Defendants would result from the injunctive relief requested, as Plaintiff seeks merely to enjoin Defendants' infringing use of the SPACE CITY mark and no other aspects of Defendants' business.   Accordingly, Plaintiff's application for temporary restraining order should be granted and the Court should set a hearing to consider the Plaintiff's application to continue the Court's protection through a preliminary injunction until such time as Plaintiff may have a full trial of this matter.

WHEREFORE, premises considered, Plaintiff prays the Court grant this application for temporary restraining order and enter an order enjoining and restraining the Defendants:

(1)   Displaying any advertising bearing the words SPACE CITY in conjunction with promotion of the Convention;

(2)   Publishing, displaying, or distributing any printed or electronic material bearing the words "SPACE CITY" in conjunction with promotion of the Convention;

(3)   Using the SPACE CITY mark in any manner in conjunction with promotion of the Convention;

(4)   Otherwise engaging in activities that tend to diminish the goodwill associated with the SPACE CITY mark or that imply affiliation with or approval by Plaintiff of any product or service sold or offered for sale by Defendants; and

(5)     Destroying or disposing of documents or tangible things, as those terms are used

in the Federal Rules of Civil Procedure, that are relevant to this dispute.

Plaintiff further prays the Court set for hearing Plaintiff's application for preliminary

injunction, and grant such other relief as Plaintiff may be justly entitled to receive.

Dated: April 22, 2016                              Respectfully submitted,


                                                   */s/ Charles S. Baker*
                                                   Charles S. Baker
                                                   Attorney-in-Charge
                                                   Texas State Bar No. 01566200
                                                   S.D. Tex. No. 024496
                                                   LOCKE LORD LLP
                                                   2800 Chase Tower
                                                   600 Travis
                                                   Houston, Texas 77002
                                                   Tel: (713) 226-1123
                                                   Fax: (713) 223-3717
                                                   *cbaker@lockelord.com*

                                                   ***Attorneys for Plaintiff***
                                                   ***The Greater Houston Convention and***
                                                   ***Visitors Bureau***

## **CERTIFICATE OF CONFERENCE**

I certify that the parties met and conferred regarding this motion on April 22, 2016.  The parties could not agree about the disposition of this motion.

/s/ Charles S. Baker
Charles S. Baker

## **CERTIFICATE OF SERVICE**

Pursuant to the Local Rules and the Federal Rules of Civil Procedure, I hereby certify that on this 22nd day of April, 2016, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on the below counsel of record for Defendants.

Michael A. Hawash
Hawash Meade Gaston Neese & Cicack LLP
2118 Smith Street
Houston, Texas 77002

/s/ Charles S. Baker
Charles S. Baker

12

1840416v.2 0052287/00049